## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN DAVIS,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 11-128 Erie** |
| | ) | |
| **v.** | ) | **Judge Sean J. McLaughlin** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **ARCHIE B. LONGLEY,** | ) | |
| **Respondent.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed with

prejudice for lack of subject matter jurisdiction.

### II.      REPORT

In his petition for a writ of habeas corpus, which he filed with this Court pursuant to 28 U.S.C.

§ 2241, Petitioner Brian Davis raises the following claim:

> [T]he United States Sentencing Commission's policy barring the relief afforded by
> Amendment 706 (the so called "crack minus two amendment") to those offenders held
> accountable for sentencing purposes for more than 4.5 kilograms of crack cocaine
> violates [his] constitutional right to equal protection under the law.

[ECF No. 5 at 2].

### A.      Relevant Background

On October 21, 1993, a jury empaneled by the U.S. District Court for the Northern District of

Texas convicted Davis of Conspiracy to Possess With Intent to Distribute and Distribution of

5 Kilograms or More of Cocaine and 50 Grams or More of Crack Cocaine, in violation of 21 U.S.C.

§ 846, and Conspiracy to Continuing Criminal Enterprise (Money Laundering), in violation of 18 U.S.C.

§ 371.  In March of 1994, the court sentenced him to a term of life imprisonment for the drug charge and 60 months of imprisonment for the money laundering charge, to run concurrently.  The court determined that, for sentencing purposes, Davis was accountable for more than 15 kilograms of crack cocaine.

On May 24, 1995, the U.S. Court of Appeals for the Fifth Circuit affirmed Davis's judgment of sentence.  United States v. Davis, et al., No. 94-10216, 1995 WL 337792 (5th Cir. May 24, 1995).  He subsequently filed with his sentencing court a "Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255," in which he argued that his trial attorneys were ineffective for allegedly rejecting a 10 year deal offered by the prosecution and instead proceeding to trial.  The sentencing court denied the motion on September 14, 1999, and the Fifth Circuit Court of Appeals denied a certificate of appealability.  (Resp's Exs. 3, 4).  See also Davis v. King, et. al., No. 3:99-cv-1280D, 2000 WL 488602, *1, n.4 (N.D. Tex. Apr. 24, 2000).

Approximately five years later, in November of 2005, Davis filed with the Fifth Circuit Court of Appeals an application for authorization to file a second or successive 28 U.S.C. § 2255 motion so that he could challenge his conviction and sentence in light of the U.S. Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005) and Apprendi v. New Jersey, 530 U.S. 466 (2000).  The court denied his application.  (Resp's Exs. 8, 9).

In February of 2008, Davis filed with his sentencing court a "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (which he resubmitted on the standard form in March of 2008), in which he asked for a sentence reduction pursuant to Amendment 706 of the United States Sentencing Guidelines ("USSG"), "which reduced the sentencing ranges for cases involving crack cocaine," and Amendment 505 of the USSG, which "lowered the maximum drug-quantity determined

2

base offense level from 42 to 38." (Resp's Ex. 13 at 1). See also Davis's Reply, ECF No. 161 in United

States v. Davis, No. 3:92-cr-00365-D (N.D. Tex June 2, 2008) (available on PACER).[1]

On June 19, 2008, the sentencing court issued the following Order:

[Davis] filed on March 18, 2008 a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). In a response filed May 13, 2008, the government stated that it did not oppose a sentence reduction under Amendment No. 505 to the United States Sentencing Guidelines. In a May 20, 2008 order, the court agreed with the government that Amendment No. 505, not the more recent Amendment Nos. 706 and 711, applies to Davis' case. It also agreed that the lowest sentence for which Davis qualifies is 360 months' imprisonment. The court directed the government to submit a supplemental response stating its position on Davis' culpability relative to certain other defendants. The order provided that Davis would then have 30 days from the date of the government's supplemental response to file a reply.

In the government's supplemental response, it does not oppose a sentence reduction to 360 months' imprisonment. Because this is the lowest sentence that Davis is eligible to receive, the court need not await a reply from Davis before granting his motion.

(Resp's Ex. 14).

On July 7, 2008, Davis filed with the sentencing court a second "Motion for Modification of

Sentence pursuant to 18 U.S.C. § 3582(c)(2)," in which asked for a reduction pursuant to Amendments

706 and 711 of the USSG. (Resp's Ex. 15). The sentencing court denied the motion on December 12,

2008, explaining:

Davis filed on March 18, 2008 a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), which the court granted on June 19, 2008, to the extent of reducing the term of imprisonment from life in prison to 360 months in prison. The Bureau of Prisons has received and given effect to this order, showing that Davis now has a projected release date of December 1, 2018. Davis' motion filed on July 7, 2008 is either an unnecessary duplicate of his earlier motion, or, if not merely a duplicate of his earlier motion, or, if not merely a duplicate, seeks relief that is greater than what the court finds to be meritorious for the reasons explained in the June 19, 2008 decision.

(Resp's Ex. 16).

---

[1]     In his Reply to the sentencing court, Davis clarified that he was making his request for a sentence reduction pursuant to Amendment 706, and not Amendment 9 (which he had cited in his initial motion).

3

Davis appealed the sentencing court's decision. On December 23, 2010, the Fifth Circuit Court of Appeals dismissed the appeal as frivolous.

Davis commenced this proceeding on or around July 21, 2011, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 5]. As set forth above, he contends that the Court should declare that "the Sentencing Commission's policy barring him from receiving the benefit of Amendment 706 on the premise that he was held accountable for sentencing purposes for more than 4.5 kilograms of crack cocaine, while extending the benefits of Amendment 706 to crack offenders who were held accountable for less than 4.5 kilograms of crack cocaine, violates the Constitution's guarantee to equal protection under the law, and thereby invalidate the Commission's policy barring relief to [him] and allow [him] to proceed with pursuing the benefits afforded him under the Amendment 706." [ECF No. 5 at 22].

Respondent has filed an Answer in which he asserts that the petition should be dismissed for lack of subject matter jurisdiction, [ECF No. 12], and Davis has filed a Reply [ECF No. 14].

In the meantime, Davis also had been litigating a civil rights lawsuit against the Sentencing Commission in the U.S. District Court for the District of Columbia in which he contends, as he does here, that he is being denied equal protection because Amendment 706 does not apply to him. (Resp's Ex. 18). The court dismissed that lawsuit for lack of jurisdiction, explaining, *inter alia*, that the relief Davis seeks must be sought by way of a motion filed pursuant to 28 U.S.C. § 2255 and filed with his sentencing court. ECF No. 5 in Davis v. United States Sentencing Commission, No. 11-cv-1433, slip op. (D.D.C. Sept. 19, 2011) (available on PACER). Davis has appealed that decision to the U.S. Court of Appeals for the District of Columbia Circuit.

**B.** **Discussion**

**1.** **Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

28 U.S.C. § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x. 525, 526 (3d Cir. 2002); Briggs v. Levi, 275 F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). In contrast, matters concerning the execution of a federal prisoner's sentence – such as, for an example, the way in which the Bureau of Prisons has calculated a prisoner's term of imprisonment – are within the subject matter jurisdiction of the court presiding in the district in which that federal prisoner is incarcerated. See, e.g., Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011). See McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010). Such claims are properly brought in a petition for a writ of habeas corpus under § 2241. Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).

Respondent is correct that this Court must dismiss the petition for want of subject matter

jurisdiction because Davis is challenging the validity of his sentence. Accordingly, the issues raised in

the instant petition are not within the jurisdiction of this Court.

### 2. The Savings Clause of 28 U.S.C. § 2255

Section 2255 provides, in pertinent part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to
apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that
the applicant has failed to apply for relief by motion [to vacate sentence pursuant to
§ 2255], to the court which sentenced him, or that such court has denied him relief, *unless
it appears that the remedy by motion is inadequate or ineffective to test the legality of his
detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly

referred to as § 2255's "savings clause" or "safety valve."

Davis does not articulate any persuasive reason to support a contention that this case falls within

§ 2255's "savings clause" or "safety valve." His sentencing court has denied his request to reduce his

sentence under Amendment 706. That it did not provide him with the relief he sought does not establish

that § 2255 provided him with an inadequate or ineffective remedy. This Court, sitting in habeas, is not

merely another avenue for him to seek relief from his judgment of sentence. "A section 2255 motion is

not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping

requirements of section 2255 [and file another post-conviction motion in the district court where he was

convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the

sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009)

(per curiam) (citing Cradle, 290 F.3d at 539). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir.

2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the [court of

appeals] denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is *extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law*." Id. at 856 (emphasis added) (citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39. See also Barnett v. United States, 445 F.App'x 491 (3d Cir. 2011) (affirming the district court's decision to dismiss for lack of subject matter jurisdiction the petitioner's 28 U.S.C. § 2241 petition in which he claimed that Amendment 706 warranted a reduction in his sentence and noting "although [the petitioner] would likely encounter hurdles attempting to file another § 2255 motion in the sentencing court, we have repeatedly held that a prisoner's inability to meet § 2255's gatekeeping requirements does not render it inadequate or ineffective.").

In conclusion, this case does not present the rare situation rendering § 2255 inadequate or ineffective. Accordingly, this Court does not have jurisdiction and the petition must be dismissed.


**C.     Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


June 21, 2012                           /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge


cc:      The Honorable Sean J. McLaughlin
         United States District Judge